SHELTER MUTUAL INSURANCE
COMPANY, Appellant,

v.

Gerald and Rosemary PIEPER,
Respondents.

No. 46533.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 11, 1983.

Motion For Rehearing and/or Transfer to
Supreme Court Denied Nov. 15, 1983.

Application to Transfer Denied
Dec. 20, 1983.

James E. Godfrey, St. Louis, for appellant.

Dale L. Rollings, St. Charles, for respondents.

CLEMENS, Senior Judge.

Declaratory judgment action by liability insurer against its insured nurserymen. This to avoid insurer's responsibility to defend an action brought against their insureds.

In that underlying action neighboring land owners had sued the insured nurserymen. They claimed the nurserymen had harmed them by having constructed a paved and sodded display area on adjoining land; this allegedly causing an increased flow of water onto neighbors' land. That issue is yet to be decided in the underlying action.

As said the issue here is the insurer's duty to defend. The trial court ruled the insurer was so obligated. This because insurer had failed to show the insured nurserymen had neither "an intent to cause the harmful results nor such intentional acts from which such intent can be inferred as a matter of law."

On appeal the insurer contends vaguely that ruling was wrong because the underlying action against insured was for "property damage either expected or intended". The insured defendants reply there was no such evidence.

We look to the pertinent parts of the insurer's policy:

"I ... Coverage B—Property Damage Liability

The Company will pay on behalf of the insured all sums which the insured shall

become legally obligated to pay as damages because of . . . Property damage . . . caused by an occurrence. . . ."

We now consider insurer's contention its policy does not cover its alleged liability to defend its insured in the underlying damage suit against them.

■ Our decision on coverage is guided by two principles. First, an insurance contract is to be construed strictly against the insurer. *Farm Bureau Mut. Ins. Co. v. Broadie,* 558 S.W.2d 751[4, 5] (Mo.App. 1977). And, we give due regard to the trial court's opportunity to judge the credibility of witnesses. V.A.M.R. 73.01.

■ The cited policy's insuring clause plainly declares the insurer will pay all sums for which its insureds become obligated because of property damage. Here, the insurer relies on the policy's definition clause: " 'occurrence' means an accident including continuous or repeated exposure to conditions, which resulted in . . . property damage not expected nor intended from the standpoint of the insured."

By the insured's uncontradicted evidence here: "They hired an architect to design a building, display area and parking lot, this on a two-acre area of their land." It was constructed as designed. Then, as before, water was to drain by way of the natural watershed "as it had for the last forty years". There is no evidence in this declaratory action that the insureds acted with intent to cause the harm alleged by their neighbors; that is an issue yet to be determined in the underlying action.

We hold that the trial court did not clearly err in refusing to hold the insurer had no obligation under its policy to defend the underlying action.

Affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.